

| | |
|---|---|
| MARK PARMELEE and ANNETTE PARMELEE, his wife, | IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY |
| Plaintiffs | |
| vs. | CIVIL ACTION – LAW |
| DECISION ONE MORTGAGE COMPANY, LLC, HOMEQ SERVICING CORPORATION, and LSI FLOOD SERVICES, | |
| Defendants | NO. 7399    OF    2007 |

FILED
PROTHONOTARY
LUZERNE COUNTY
2008 OCT -8 PM 3:

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint is served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

NORTH PENN LEGAL SERVICES, INC.

| | | |
|---|---|---|
| 410 Bicentennial Building<br>15 Public Square<br>Wilkes-Barre, PA 18701<br>(570) 825-8567 | -or- | Hazleton Center, Suite 210<br>2 East Broad Street<br>Hazleton, PA 18201<br>(570) 455-9512 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK PARMELEE and<br>ANNETTE PARMELEE,<br><br>                        Plaintiffs,<br><br>    v.<br><br>DECISION ONE MORTGAGE<br>COMPANY, LLC, HOMEQ SERVICING<br>CORPORATION and<br>LSI FLOOD SERVICES,<br><br>                        Defendants. | Civil Action No. |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Notice of Removal was served via Federal Express (overnight delivery) upon the following:

Michael D. Yelen, Esquire
Yelen Law Offices
1000 Mellon Bank Center
Wilkes Barre, PA 18701

Attorneys for Plaintiffs,
Mark Parmelee and
Annette Parmelee

Kobi Brinson, Esquire
301 S. College St.
Charlotte, North Carolina 28288-0630

Attorneys for Defendant,
HomEq Servicing Corporation

Jeanne R. Rentezelas, Esquire
Stradley Ronon Stevens & Young, LLP
Woodland Falls Corporate Park
200 Lake Drive East, Suite 100
Cherry Hill, NJ 08002

Attorneys for Defendant,
Decision One Mortgage Company, LLC

Dated: November 12, 2008

*Lauren P. McKenna /lpm*
LAUREN P. MCKENNA

| | |
|---|---|
| MARK PARMELEE and ANNETTE PARMELEE, his wife, | : IN THE COURT OF COMMON PLEAS<br>: OF LUZERNE COUNTY |
| Plaintiffs | : |
| | : CIVIL ACTION – LAW |
| vs. | : |
| DECISION ONE MORTGAGE COMPANY, LLC, HOMEQ SERVICING CORPORATION, and LSI FLOOD SERVICES, | : |
| Defendants | : NO. 7399           OF          2007 |

FILED
PROTHONOTARY
LUZERNE COUNTY
2008 OCT -8 PM 3:36

## COMPLAINT

The Plaintiffs, Mark Parmelee and Annette Parmelee, by and through their counsel, Michael D. Yelen, Esquire, hereby complains of the Defendants, Decision One Mortgage Company, LLC, HomEq Servicing Corporation, and LSI Flood Services, as follows:

1. Plaintiffs, Mark Parmelee and Annette Parmelee, are adult individuals who reside at 1111 Wyoming Avenue, Forty Fort, Luzerne County, Pennsylvania, 18704.

2. Defendant, Decision One Mortgage Company, LLC, (Decision One), is a North Carolina Limited Liability Company, with a principal place of business located at 3023 HSBC Way, Fort Mill, South Carolina, 29715-6551.

3. Defendant, HomEq Servicing Corporation, (HomeEq), is a New Jersey corporation with a principal place of business located at 701 Corporate Center Drive, Suite 300 - NC 4742, Raleigh, North Carolina, 27607.

4. Defendant, LSI Flood Services, (LSI), is a business entity with a principal place of business located at 1521 North Cooper Street, Fourth Floor, Arlington, Texas, 76011.

5. On or about February 22, 2005, Plaintiffs mortgaged their property at 1365 State Rt. 29 S Tunkhannock, PA 18657, through Decision One.

6. The mortgage was subsequently assigned to HomEq.

7. At the time of the mortgage, LSI, at the request of Decision One, and as an agent and servant of Decision One, issued a determination that the mortgaged property was **not** in a Special Flood Hazard Area. The determination is attached hereto as Exhibit "A," and is incorporated herein by reference.

8. The determination was communicated to Plaintiffs.

9. At the time of the mortgage, the mortgaged property **was** in a Special Flood Hazard Area.

10. Pursuant to the National Flood Insurance Act of 1968 and the Flood Disaster Protection Act of 1973, as amended, since the mortgaged property was in a Special Flood Hazard Area, the loan was not to be made without requiring flood insurance, Plaintiffs were entitled to notice of the requirement, and, the lender was to obtain the insurance if necessary.

11. No flood insurance was obtained for the property.

12. On or about June 27, 2006, the mortgaged property and the contents were severely damaged by a flood.

13. Plaintiffs did not know and were never notified that their property was in a Special Flood Hazard Area, until after June 27, 2006.

14. The flood damage to the real estate is $100,014.17 or more.

15. The flood damage to the contents is $90,402.15 or more.

16. Plaintiffs have suffered other incidental and consequential damages as a result of the flood and lack of insurance, including, but not limited to inconvenience, expense for alternate housing, moving costs, etc.

## COUNT I

### NEGLIGENT MISREPRESENTATION

17. Paragraphs 1 through 16 of the Complaint are incorporated herein by reference.

18. Defendant, Decision One, had a duty imposed by statute, to notify Plaintiffs that their property was in a Special Flood Hazard Area, and that flood insurance was required as part of the mortgage.

19. Defendant, HomeEq, had a duty imposed by statute, to notify Plaintiffs that their property was in a Special Flood Hazard Area, and that flood insurance was required as part of the mortgage.

20. Defendant, LSI, as agent and servant of Decision One, and/or by contracting with Decision One, with Plaintiffs as third party beneficiaries of said contract, had a duty to reasonably and accurately determine and notify Plaintiffs, that their property was in a Special Flood Hazard Area.

21. The representation to Plaintiffs that their property was not in a Special Flood Hazard Area and/or did not require flood insurance, constitutes a misrepresentation of a material fact.

22. The failure to represent to Plaintiffs that their property was in a Special Flood Hazard Area and/or did require flood insurance, constitutes a misrepresentation of a material fact.

23. Defendants should have known of the falsity of the representation(s).

24. Defendants intended to induce Plaintiffs to act on the representation(s), and/or knew or should have known that Plaintiffs would act on the representation(s).

25. Plaintiffs justifiably relied on the representation(s), and as a result, failed to obtain any insurance, and suffered the above referenced damages, which were reasonably foreseeable.

26. The actions of Defendants constitute negligent misrepresentation for which they are legally responsible for the damages suffered by Plaintiffs.

27. This matter is not subject to compulsory arbitration.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of $50,000.00, plus interest and costs.

## COUNT II

### NEGLIGENCE

28. Paragraphs 1 through 27 of the Complaint are incorporated herein by reference.

29. LSI was negligent in the investigation and reporting of whether the Plaintiffs' property was in a Special Flood Hazard Area.

30. As master and principal of LSI, its servant and agent, Decision One is vicariously liable for the negligence of LSI.

31. Decision One was negligent in obtaining and relying on LSI to determine whether Plaintiffs' property was in a Special Flood Hazard Area.

32. Decision One and HomEq were negligent in failing to accurately determine whether Plaintiffs' property was in a Special Flood Hazard Area and in failing to obtain flood insurance for the property.

4

33. An assignee's right against obligor is subject to all limitations of assignor's right, to all defenses thereto, and to all set-offs and counterclaims which would have been available against assignor had there been no assignment.

34. As an assignee, HomeEq, is liable for the negligence and liability attributable to Decision One.

35. The negligence of Defendants is the proximate cause of the damages sustained by Plaintiffs, said damages being reasonably foreseeable.

36. This matter is not subject to compulsory arbitration.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of $50,000.00, plus interest and costs.

## COUNT III

### BREACH OF CONTRACT

37. Paragraphs 1 through 36 of the Complaint are incorporated herein by reference.

38. Decision One and HomeEq were obligated under the Mortgage contract to notify Plaintiffs that their property was in a Special Flood Hazard Area and that they were required to carry insurance.

39. Decision One and HomeEq were obligated under the Mortgage to obtain flood insurance if Plaintiffs did not.

40. Decision One and HomeEq breached the mortgage contract by failing to accurately notify Plaintiffs that their property was in a Special Flood Hazard Area and that they needed flood insurance, and by failing to obtain said insurance.

41. The breach resulted in the damages sustained by Plaintiffs, said damages being reasonably foreseeable.

42. This matter is not subject to compulsory arbitration.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of $50,000.00, plus interest and costs.

### COUNT IV

### INTENTIONAL MISREPRESENTATION

43. Paragraphs 1 through 42 of the Complaint are incorporated herein by reference.

44. To any extent Defendants intentionally misrepresented that the property was not in a Special Flood Hazard Area and/or did not require flood insurance, same would constitute Intentional Misrepresentation, for which Defendants are legally responsible for the damages suffered by Plaintiffs.

45. This matter is not subject to compulsory arbitration.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of $50,000.00, plus interest and costs.

Michael D. Yelen, Esquire
Attorney for Plaintiffs

| FEDERAL EMERGENCY MANAGEMENT AGENCY STANDARD FLOOD HAZARD DETERMINATION | | See the attached Instructions | O.M.B. No. 3067-0264 Expires October 31, 2005 |
|---|---|---|---|
| **SECTION I - LOAN INFORMATION** | | | |
| 1. LENDER NAME AND ADDRESS: | | 2. COLLATERAL (Building/Mobile Home/Personal Property) PROPERTY ADDRESS (Legal description may be attached): | |

LSI Acct #: 100-0059-182
Address:
DECISION ONE MORTGAGE
6060 JA JONES DR STE 1000
CHARLOTTE, NC 28287

Phone: (215) 672-6221
Fax:   (704) 887-2808

Loan Officer/Processor:

Delivery Method:
COM PDF SERVER -

Borrower:
PARMELEE, ANNETTE
Determination Address:
1365 ST RT 29 SOUTH
TUNKHANNOCK, PA 18657
WYOMING COUNTY

APN/Tax ID:
Lot:              Block:            Phase:
Subdivision:
Section:          Township:         Range:

Requested Address:
1365 ST RT 29 SOUTH
TUNKHANNOCK, PA 18657
WYOMING

| 3. LENDER I.D. NUMBER: | 4. LOAN IDENTIFIER: 2030050152470 | 5. AMOUNT OF FLOOD INSURANCE REQUIRED (optional): |
|---|---|---|

**SECTION II**
A. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) COMMUNITY JURISDICTION

| 1. NFIP Community Name | 2. County(ies) | 3. State | 4. NFIP Community Number |
|---|---|---|---|
| EATON, TOWNSHIP OF | WYOMING COUNTY | PA | 420909 |

B. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) DATA AFFECTING BUILDING / MOBILE HOME

| 1. NFIP Map Number or Community-Panel Number (Community Name, if not the same as "A") | 2. NFIP Map Panel Effective / Revised Date | 3. LOMA/LOMR | 4. Flood Zone | 5. No NFIP Map |
|---|---|---|---|---|
| 4209090010B | 5/1/1980 | Yes / Date | X | |

C. FEDERAL FLOOD INSURANCE AVAILABILITY (Check all that apply)
1. ☒ Federal flood insurance is available (community participates in NFIP). ☒ Regular Program   ☐ Emergency Program of NFIP
2. ☐ Federal flood insurance is not available because community is not participating in the NFIP.
3. ☐ Building / Mobile Home is in a Coastal Barrier Resources Area (CBRA) or Otherwise Protected Area (OPA). Federal flood insurance may not be available.
   CBRA/OPA designation date: _____

D. DETERMINATION
IS BUILDING / MOBILE HOME IN A SPECIAL FLOOD HAZARD AREA (ZONES CONTAINING THE LETTERS "A" OR "V")?   ☐ YES   ☒ NO
If yes, flood insurance is required by the Flood Disaster Protection Act of 1973.
If no, flood insurance is not required by the Flood Disaster Protection Act of 1973.

| E. COMMENTS (Optional) | HMDA Information | Compliance Quick Check | |
|---|---|---|---|
| | State: 42 County: 131 MSA: 7560 MSA/MD: 42540 CT: 4006.00 BNA: | Is Flood Insurance Required? Is NFIP Insurance Available? | NO YES |
| LIFE OF LOAN DETERMINATION | | | |

This flood determination is provided solely for the use and benefit of the entity named in Section I, Box 1 in order to comply with the 1994 Reform Act and may not be used or relied upon by any other entity or individual for any purpose, including, but not limited to deciding whether to purchase a property or determining the value of a property.

This determination is based on examining the NFIP map, any Federal Emergency Management Agency revisions to it, and any other information needed to locate the building / mobile home on the NFIP map.

| F. PREPARER'S INFORMATION (If other than Lender): NAME, ADDRESS, TELEPHONE NUMBER: | LSI ORDER NUMBER: |
|---|---|
| **LSI** FLOOD SERVICES  LSI Flood Services 1521 N Cooper St, Fourth Floor Arlington, TX 76011-5942   Phone: 1.800.833.6347   Fax: 1.800.662.6347 | 201-4513-298 |
| | DATE OF DETERMINATION: |
| | 2/14/2005 1:31:27 PM |

FEMA Form 81-93, OCT 02

EXHIBIT A

## VERIFICATION

I, MARK PARMELEE, one of the Plaintiffs herein, do hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my personal knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

*[signature]*
MARK PARMELEE

## VERIFICATION

I, ANNETTE PARMELEE, one of the Plaintiffs herein, do hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my personal knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

*/s/ Annette Parmelee*
ANNETTE PARMELEE